The opinion of the Court was delivered as follows, by
 

 Henderson, Judge.
 

 It is quite apparent, that a person discharged from imprisonment for debt, either under the first and third sections of the act of 1773, is only liberated as to those demands for which he was then held in confinement, and from the confinement for which he was discharged. The words of the first section are, “and shall stand forever discharged from all such debts so sued for.” The words of discharge under the third section are, “ which warrant of discharge shall be an indemnity to the Sheriff or
 
 *116
 
 Jailor for an escape, &c.” And it was decided in the case of
 
 Burton v. Dickens,
 
 (3
 
 Murphey)
 
 that a debtor disCharged under the third section of the act, was exempt ai’iest for any debt, (whether held -in confinement *or it or not,) under the 39th article of our constitution; the words of which, are, that the person of a debtor, where there is not a strong presumption of fraud, shall not be confined in prison after delivering up
 
 Iona Jide
 
 all ins estate real and personal, for the use of his creditors, in such a manner as shall hereafter be regulated by law, the Court considering the provisions of the act of 1773 as furnishing'the regulations spoken of in the article. It, then, only remains to bo considered, whether there is any essential difference in the effect of a discharge under one or the'other section of the act, the principal in the present case being discharged under the first, or as it is called, the forty shillings section. The injunction, that the person of a debtor shall not be held in confinement, is found where details are not to be expected : fundamental principles only, are there embodied, and in this case, to be carried into execution, (if the words are to be regarded,) by some future Legislature; wcshould therefore,-not construe this article as we would an act of Assembly, and extend it to cases only within its words, but all cases whatever within its spirit, within its operation also. By this article, a mere insolvent is not entitled to a discharge, but an insolvent who has no means of paying. If is the surrender of his property which creates jiis inability, if he had any property to surrender. The fact to be en-qnired into, is this, his utter inability; and when that fact is ascertained, the exemption attaches, no matter whether it arises from a total or partial inability; for if partial inability had made any difference, there most certainly would have been required some proportion between the sum surrendered, and the debts from which he was to be discharged. There could not be such difference in the effect of having a few shillings only, to surrender,
 
 *117
 
 and leaving no proportion to the debts to be paid. A person has forty-one shillings to surrender, and owes ten thousand pounds; another has only thirty nine shillings to surrender, and owes one hundred pounds to twenty different men — the person of the first, shall be discharged from the payment of the ten thousand pounds, and the latter, shall be liable to nineteen out of twenty creditors, and may be imprisoned for each debt, successively, if his creditors think proper to sue in successive order. And thus, a person who is entitled to his discharge, under the first section, may, if he thinks proper, by varying'the mode of application, obtain bis discharge under the third section, by surrendering up some trifle, not worth ten cents; and this is the practice under the act, and cannot be objected to. It is not to be presumed, that this great difference in the situation, should be entirely dependant on the will of the debtor, without any merit or demerit on his part; and if the law requires that the sum surrendered up should bear any proportion to the debts to be paid, then the greater privilege would be reasonable; nor does imprisonment seem to be inflicted as a punishment, for then the period of imprisonment would bear some proportion to the amount due, having a regard to the means of payment, and whether insolvency was brought on by misfortune or imprudence, and many other considerations increasing the criminality; or extenuating the misfortune of beiug indebted beyond the ability to pay. As was said before, the total want of means, is the
 
 postulatvm
 
 of the act; when that is ascertained, there is no difference between a person who has nothing to surrender, and one who has only five shillings, or some other small sum;, their situations may properly be more than equalized by the different sums due from each; and the law omitting to make that an enquiry and criterion, when it could be so clearly expressed if designed, is an evidence that it formed no consideration with the law-makers. I am well satisfied, that this constitutional provision, if extended
 
 *118
 
 to one, should be extended to the oilier also. The notice to be given to creditors, which at one time was supposed, might vary the case, upon an examination, will he found to be nothing. The notices spoken of under the third section, as necessary to be given to all the. creditors, are notices to them to come in and prove their debts, and receive their dividends. They are to be given by the clerk; they alfect not the previous discharge. As to due notice not being given to the confining creditor, the Court cannot examine that question. Wc can only look into the discharge, and the jurisdiction of the court or Magistrate which granted it, for it conies before us incidentally or collaterally, and the Magistrate or Court was as competent to judge and to act as this or any other Court, and their proceedings, when within the sphere of their jurisdiction, are as binding and conclusive as those of the highest tribunal of the country, as long as they remain unreversed. The question of notice came before the Magistrate, he passed upon it, decreed it was sufficient, and rendered his judgment. If any person fell himself aggrieved, and could show his interest in the question, and make out a probable cause, the Superior Court would have the procced-ings brought before it, by
 
 certiorari,
 
 or some, oilier writ; and if contrary to law, would have reversed them, subject to an appeal
 
 to
 
 this Court; but neither this, or the Superior Court, or any other Court, has the power of examining into the regularity of the proceedings of any Court, when brought into question collaterally and incidentally, if the tiling' done, was within the legitimate powers of the. Court doing it. Only a revising Court, when the question comer before it directly,, has the power t© do it.